**BIRMINGHAM SLAG CO. et al. v. UNITED STATES et al.**

No. 837.

District Court, N. D. Alabama, S. D.

May 4, 1935.

———◆———

Bradley, Baldwin, All & White, of Birmingham, Ala., for plaintiff.

Elmer B. Collins, Sp. Asst. to Atty. Gen., Jim C. Smith, U. S. Atty., of Birmingham, Ala., and J. Stanley Payne, Asst. Chief Counsel, Interstate Commerce Commission, of Washington, D. C., for the United States.

J. Carter Fort, of Washington, D. C., for defendant railroads.

Before WALKER, Circuit Judge, and KENNAMER and GRUBB, District Judges.

PER CURIAM.

This cause comes on to be heard before a three-judge court, consisting of the Honorable R. W. WALKER, Circuit Judge, and the Honorables C. B. KENNAMER and W. I. GRUBB, District Judges, upon the application of the plaintiffs for a preliminary injunction, restraining certain named carrier defendants from acting in pursuance of certain orders of the defendant the Interstate Commerce Commission, with reference to certain rates on sand, gravel, slag, and crushed stone, which the defendant carriers had filed with the Commission. The plaintiffs attack the rates, charging that the Commission had declared their reasonableness and put them in force, without according the plaintiffs, who were shippers, an opportunity to be heard, and without presenting evidence to support their reasonableness. If the Commission, in fact, adjudged the rates to be reasonable, and ordered them put in effect, then the plaintiffs were entitled to a hearing, and the introduction of evidence at it of their being reasonable. That a hearing, involving the validity of the rates on sand, gravel, slag, and crushed stone, here in controversy was had, is at least doubt-

ful. However, if the Commission did not pass upon the reasonableness of the individual rates on slag, sand, gravel, and crushed stone, and order the rates put in effect, then no hearing was required. In that event, the shippers still had the right to contest the reasonableness of the rates, by filing with the Commission a complaint under section 13, Interstate Commerce Act (49 USCA § 13), as to their reasonableness, and asking reparation orders in the event they were determined to be unreasonable.

The question is whether the Commission determined the reasonableness of, and ordered put in effect, the rates complained of. Our conclusion is that it did not, but, without adjudging their individual reasonableness, merely authorized the carriers to put in the general level of rates, at their risk, if they were so advised, and removed certain incidental obstructions to the carriers doing so, which were presented by section 13 (4) of the act [49 USCA § 13 (4)], and agreed not to make a suspensory order, in advance of hearing, under complaints filed under section 13. A similar order was approved by the Supreme Court, in United States v. Louisiana et al., 290 U. S. 70, 54 S. Ct. 28, 78 L. Ed. 181. It is clear from the report of the Commission that it did not adjudge the validity of the rates involved individually, but expressly reserved the rights of the shippers to contest individual rates under complaints filed under section 13 of the act. On page 60 of its Report, the Commission said: "As in Ex Parte 103, we shall grant the necessary authority under section 6, for filing blanket supplements, embodying the emergency charges here provided for, and such supplements will be permitted to take effect, without suspension, subject to the proviso that the resulting rates will in all respects be subject to complaint as to investigation and to determination as to their lawfulness of schedules or rates as provided by the act." It is clear that the plaintiffs have the right to contest before the Commission on complaint on a future hearing, and notwithstanding the report and orders of the Commission based on it, the validity of rates. Nor are the shippers prevented from collecting reparations for past shipments under the higher rates. The case of Arizona Grocery Co. v. A., T. & S. F. Ry. Co., 284 U. S. 370, 52 S. Ct. 183, 76 L. Ed. 348, applies only to rates adjudged reasonable by and put into effect by the order of the Commission, as stated in it. It applies to Commission-made rates, and not to carrier rates. We think the rates in controversy were carrier, and not Commission-made rates. Their validity has not been declared, nor has the Commission ordered them put in effect. They stand just as if filed by the carrier with the Commission, with no action on the part of the Commission making their validity a matter of adjudication against the shippers, and the shippers' right to a day in court is not impaired, either as to the invalidity of the rate, or the right to reparations.

The orders of the Commission are valid, and the application of the plaintiffs for a preliminary injunction should be denied, without prejudice to the right of the shippers to invoke the remedy given by the act, before the Commission on complaint.

It is therefore ordered and adjudged that the application for a preliminary injunction be, and it is hereby, denied.